City of Rosedale v. Golding.

THE CITY OF ROSEDALE v. SARAH GOLDING, *as Administratrix of the Estate of Patrick Golding, deceased.*

1. DEFECTIVE BRIDGE—*Liability of City.* A bridge which had been built and maintained by the county was wholly within the corporate limits of a city of the third class, and there being no proper guards on either side of the same, a person passing over it was without fault on his part thrown off the bridge and injured. *Held,* That the bridge formed a part of one of the public streets of the city, and that it was the duty of the city to keep the bridge in such a condition as to be reasonably safe for persons traveling over the same, and that it is liable in damages for an injury resulting from a neglect to perform this duty.

2. EVIDENCE *Sustains Verdict.* The evidence examined, and found to be sufficient to sustain the verdict and judgment.

*Error from Leavenworth District Court.*

ACTION by *Patrick Golding* against the *City of Rosedale* to recover damages for injuries to his minor son. Plaintiff having died, Sarah Golding, his administratrix, was substituted as plaintiff. Judgment for

plaintiff.    Defendant brings the case here.    The facts appear in the opinion herein, filed April 30, 1895.

*Van Syckel & Littick*, for plaintiff in error :

The defendant tried to show, and the depositions do show, that the bridge upon which the injury occurred was not under the control of or owned by the city of Rosedale, and was not built by it, but was in fact built by, under the control of and kept in repair by the county of Wyandotte, Kansas.    This the court refuses to let the defendant prove.    This we claim was material, was alleged by the defendant in his answer, and was fatal error for the court to refuse ; and for this error we think this verdict and judgment must be reversed, and a new trial granted in this case.    *Dale v. Webster Co.*, 76 Iowa 270 ;   25 Am. & Eng. Cor. Cas. 25 ; *Gilligan v. Railroad Co.*, 1 E. D. Smith, 453 ; *Comm'rs of Wyandotte Co. v. City of Wyandotte*, 29 Kas. 431.

The bridge had proved to be reasonably safe in its construction, and would have been safe at the time John Golding was injured if he had kept across it as a reasonably prudent man would have done under the circumstances, but he used the bridge in an unusual and extraordinary manner, and the city in any event would not be liable for the injury he sustained, nor to his father for loss of services in consequence of the injury.    *McCormick v. Township of Washington*, 112 Pa. St. 185 ;   same case, 13 Am. & Eng. Cor. Cas. 464.

In this action, the father of John Golding could recover for loss of services only before suit was brought, and expenses for care and medicine bestowed and used before suit was brought.    He could not recover for a prospective loss of services during minority.

The verdict in this case is beyond controversy excessive, as only about six months' loss of services was

suffered at the time this suit was begun. *Gilligan v. Railroad Co.*, 1 E. D. Smith (N. Y.), 453.

The evidence shows that the father was not receiving the boy's wages; that he was not working for his father; and the father permitted the boy to do as he pleased with his wages. And if the father permitted this, he cannot, after the boy is injured, claim damages for loss of services. *Hammond v. Corbett*, 9 Am. Rep. 298.

John Golding was working away from home; he collected the money he earned; and he gave it to whom he pleased. The presumption is, from these circumstances, that his father had waived his right to the services of his son. *Burlingame v. Burlingame*, 7 Cow. 92; *McCoy v. Huffman*, 8 id. 84; *Jenny v. Alden*, 12 Mass. 375; *Jennison v. Graves*, 2 Blackf. 449; *Conover v. Cooper*, 3 Barb. 115; *Clinton v. York*, 26 Me. 167; *Nightingale v. Worthington*, 15 Mass. 272; *Chase v. Smith*, 5 Vt. 556; *Dennysville v. Trescott*, 30 Me. 470.

*Byron Sherry*, and *Roland Hughes,* for defendant in error:

Our position is that when a city is incorporated it takes upon itself all the attributes of a municipal corporation, and that as such corporation it assumes control of all streets, bridges and sidewalks within its corporate limits, and for injuries resulting from its negligence in not keeping them in an ordinarily safe condition, it is primarily liable. See *City of Eudora v. Miller*, 30 Kas. 494; *Comm'rs of Shawnee Co. v. City of Topeka*, 39 id. 197.

On the question of contributory negligence, the evidence shows that the bridge was built across Turkey creek on the principal street in Rosedale, that the boy was in the exercise of due care when himself

and pony were precipitated from the bridge and injured on account of the negligence of the city in not providing proper railing on the sides of the bridge. It is true, that the evidence shows that while the boy was riding along on his pony, a buggy in passing along upon the bridge caused the pony to shy a little, when the pony stepped aside and the boy and pony went down together. The contention on the part of the plaintiff was, that if the bridge had been provided with proper railing the boy would not have been injured. The question having been submitted to the jury under proper instructions, and the jury having by general verdict found that the boy was, without fault on his part, injured on account of the alleged negligence of the defendant, the verdict of the jury, under the evidence, ought to be held conclusive on this point. The court in its instructions on the measure of damages followed the rule laid down by 2 Sedgwick on Measure of Damages (7th ed.), p. 520, and as no exceptions were taken to the evidence or the instructions at the time, the defendant cannot now be heard to complain of the theory upon which the cause was tried and submitted to the jury. For it is a well-settled rule of procedure that the appellate courts will not pass upon questions not raised and saved by exceptions in the trial court. See, also, *Grandstaff v. Scoffin*, 5 Kas. 165 ; 2 Thomp. Trials, p. 1737.

The opinion of the court was delivered by

JOHNSTON, J. : In July, 1886, John Golding, who was about 17 years of age, resided with his father and mother in Rosedale, and worked in a packing house in Armourdale. On one of the principal streets of Rosedale there was a bridge which spanned Turkey creek, and the boy passed over this bridge

in going to and from his work.   On the evening of July 1, 1886, while riding a pony over the bridge on his way home, he met a team, and, in passing, a trace or some other part of the harness of the team touched the pony, causing him to flinch and jump aside so as to precipitate the boy and pony off the edge of the bridge down into the creek, a distance of about 12 feet.   The boy suffered severe and permanent injury from the fall.   An action was brought by his father, Patrick Golding, to recover for medical and surgical attendance, hospital charges, loss of the pony, and for the loss of the services of John Golding from the time of his injury until he reached majority. Patrick Golding died soon after the commencement of the action, and Sarah Golding was appointed administratrix of his estate, and the action against the city was duly revived in her name.   The right of recovery was based on the neglect of the city in permitting the bridge to remain without proper guards or railings on the sides of the same, and that it was therefore not in a reasonably safe condition for the use of the public. Upon the trial the jury returned a verdict in favor of the plaintiff and against the city of Rosedale in the sum of $2,336.

The only serious contention of the city in the trial court was that the bridge had been built and maintained by the county, and that therefore no liability could arise against the city for injuries resulting from its defective condition.   While the bridge had been built by the county it formed a part of one of the principal streets of the city.   It was the duty of the city to keep and maintain the streets and the bridges thereon in such a condition as to be reasonably safe for persons traveling upon and over the same, and it is liable in damages to anyone who suffers injuries

resulting from a neglect to perform this duty. The fact that the bridge was in this instance built by or had been maintained at the expense of the county, does not relieve the city from the obligation to keep a bridge which is upon one of the public streets within its corporate limits in a reasonably safe condition for the traveling public. A claim is made that there was no testimony showing the location of the bridge, but we find upon an examination of the record that there is abundant proof to show that it was within the corporate limits of Rosedale, and "a bridge situated wholly within the limits of the city is with its approaches a part of the public streets, and as such within the scope of the city's duties and liabilities." (*City of Eudora v. Miller*, 30 Kas. 494. See, also, *Comm'rs of Shawnee Co. v. City of Topeka*, 39 Kas. 197.) It is clear that the city was negligent in failing to place a guard or rail along the side of a high bridge that was 60 feet long.

There is a claim that the boy was guilty of contributory negligence because he knew or should have known of the dangerous condition of the bridge, but under the testimony it cannot be said as a matter of law that he was guilty of negligence in crossing the bridge. That question was submitted to the jury under proper instructions, and they having found that the city was negligent and the boy without fault, the finding is conclusive. The claim that the verdict is excessive is not sustained by the record, and the other questions which the plaintiff in error seeks to raise were not before the district court, and therefore are not reviewable in this court.

The judgment of the district court will be affirmed.

All the Justices concurring.